

**IN THE
TENTH COURT OF APPEALS**

### No. 10-13-00144-CR

**BENJAMIN CRAIG LEWIS,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 11-03276-CRF-272**

### MEMORANDUM OPINION

Benjamin Craig Lewis was convicted of forgery of a financial instrument which was enhanced to a third degree felony. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). After pleading guilty to the trial court without a plea bargain, Lewis was sentenced to 10 years in prison. He appeals.

Lewis's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Lewis was informed of his right to submit a brief or other response on his own behalf. He submitted a response

raising 10 issues and arguing those issues together. The State waived its opportunity to file a brief in response to the *Anders* brief and Lewis's pro se response.

Counsel asserts in the *Anders* brief that counsel has thoroughly and conscientiously reviewed the complete reporter's record and clerk's record in search for potentially meritorious issues on appeal and, after due diligence, found that no non-frivolous issues exist. Counsel specifically discusses the sufficiency of the indictment, the voluntariness of Lewis's open plea of guilty, the punishment hearing, the sufficiency of the evidence, and the effectiveness of trial counsel. Counsel concludes that there are no non-frivolous issues to assert on appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436.

An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief, the entire record in this appeal, and Lewis's pro se response, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Lewis wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Lewis is granted, and counsel is permitted to withdraw from representing Lewis. Additionally, counsel must send Lewis a copy of our decision, notify him of his right to file a pro se petition for

discretionary review, and send this Court a letter certifying counsel's compliance with

Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 20, 2014
Do not publish
[CR25]